## STEWART et al. v. WISCONSIN CENT. R. CO.

(Circuit Court, E. D. Wisconsin. July 21, 1899.)

### No. 314.

1. RAILROADS—EQUIPMENT SOLD TO LESSEE—LIEN ON EARNINGS OF ROAD.

The seller of equipment to the lessee of a railroad with knowledge that it is to be used on the rolling stock of such leased road is entitled to look to the earnings of such road for payment, and, in the absence of countervailing facts, the price is a charge upon such earnings in the hands of receivers for the lessor, to whom the road has been surrendered by the lessee, although, as between the lessor and lessee, it was the duty of the latter under the lease to furnish such equipment.

2. SAME—EQUITABLE RIGHTS OF SELLER—LACHES.

Certain equipment purchased by a lessee for use on a leased railroad, but not paid for, had not been used when the road was surrendered by the lessee to receivers appointed for the lessor, and with the approval of the court was purchased by the receivers with other material on hand. The claim of the original seller for the price of such equipment was then due, but was not presented against the lessee, which was also insolvent, for more than a year thereafter, and meantime the receivers of the lessor, without any knowledge of such claim, paid the lessee for the equipment. *Held*, that the seller was guilty of laches, which deprived it of its equitable right to enforce its claim against the earnings of the road in the hands of the receivers.

On the Intervening Petition of the Paige Car-Wheel Company.

Stark & Hansen, for intervening petitioner.

Howard Morris, for receivers.

JENKINS, Circuit Judge. On June 22, 1893, the intervener, on the order of the Northern Pacific Railroad Company, shipped 48 car wheels, which, by direction of that company, were consigned to "Wisconsin Central Lines" at Stevens Point, on the line of the Wisconsin Central Railway. At the time, as was known to the intervener, the Northern Pacific Railroad Company was the lessee of the system of railways known as the "Wisconsin Central." The price for these car wheels was $2,712, and was payable August 28, 1893. These wheels were ordered for use upon the leased lines of the Wisconsin Central roads. On August 15, 1893, upon bill filed, receivers were appointed for the Northern Pacific Railroad Company, who took possession, temporarily, of the leased lines of the Wisconsin Central road. On September 26, 1893, upon the petition of the Wisconsin Central Companies, the court ordered the receivers to surrender on that date to the Wisconsin Central Companies possession of the leased lines, and provided that all material and supplies on the lines of the roads should be surrendered to the Wisconsin Central Companies; that an inventory thereof should be taken and filed, and the receivers of the Northern Pacific Company were authorized to sell to the receivers of the Wisconsin Central Companies all such supplies at such prices and upon such terms of payment as may be agreed upon, and approved by the court. Of these car wheels, 32 were put in service upon cars belonging to the Wisconsin Central Companies, and used in the operation of their railways by the Northern Pacific Railroad Company, or by its receivers, prior to this order

of September 26, 1893, and those cars were delivered to the receivers of the Wisconsin Central Companies. The remaining 16 car wheels, unattached to cars, were, with the other material and supplies, sold and delivered to the Wisconsin Central receivers, who paid the receivers of the Northern Pacific Company, between the 1st day of October, 1893, and the 1st day of January, 1896, at various times, and in various amounts, the sum of $330,000 for the material and supplies so delivered, including the 16 car wheels in question. The claim of the Paige Car-Wheel Company was filed against the Northern Pacific road on the 26th day of November, 1894, and this intervening petition, seeking for payment for those car wheels out of the income of the Wisconsin Central lines while in the hands of the receivers on account of diversion of income in excess of the intervener's claim in payment of betterments on the road, was filed January 18, 1899. I cannot doubt, upon general underlying principles, and in so far as there are no circumstances to change the situation, that this case is ruled by the case of Virginia & A. Coal Co. v. Central Railroad & Banking Co. of Georgia, 170 U. S. 355, 18 Sup. Ct. 657. These wheels were sold to the lessee of the Wisconsin Central lines for use upon those lines, and were necessary in the operation of the railways. Under the facts stated in the decision referred to, I think it must always be assumed, in the absence of countervailing facts, that in such case there is a tacit understanding that the income of the operated lines shall be applied to operating expenses. It is so in fact as a matter of common knowledge, and it is no straining for effect to assume that one dealing with a railway company acts upon such matters of common knowledge. The seller knows, as a general rule, that a railway company has seldom other means of paying its operating expenses than income derived from operation of the road, and can reasonably expect payment from no other source. Under that decision the seller has an equitable lien, not only upon the then current income, but upon further surplus income in the hands of the receivers. It is true that here the lessee company by its lease undertook to maintain the road in proper repair, and it is said that the lessee company has received the income, and has failed to pay the Wisconsin Companies for the rent due, and that, therefore, it would be inequitable to charge the subsequent surplus income in the hands of the receivers with the payment of this debt incurred by the lessee, and which should have been discharged by it. It is within the knowledge of the court that the matters between the lessor companies and the lessee have been adjusted between the two sets of receivers, although the court is unable to say to what extent the Wisconsin Central Companies failed to receive rental reserved by its lease. The fact that there was failure to receive any part of the rental, or that there was diversion of income by the lessee, does not, I think, under the decision referred to, affect the rule of liability. The ruling in that case certainly goes a long way, and I am bound to follow it. Under the terms of the stipulation the receivers of the Wisconsin Central line have expended by way of betterments upon the road a sum in excess of the entire claim of the plaintiff, and, as no other claim is before the court, I think it must be held, unless facts hereinafter

stated shall avail to restrict the application of the rule, that this claim must be paid by the receivers out of income in their possession, or, therein failing, out of the corpus of the property, since the surplus income liable for the claim has been used to improve the road, and so has inured to the benefit of the bondholders.

Under the order of September 26, 1893, and prior to January 1, 1896, the receivers of the Wisconsin Central Lines paid the receivers of the Northern Pacific Railroad Company the value of the 16 unattached car wheels which were delivered to them. This was done without notice or knowledge of the claim of the Paige Car-Wheel Company. That company was, in my judgment, guilty of gross laches in the assertion of its claim against the receivers of the Wisconsin Central Lines. The receivership of the Northern Pacific Railroad Company was matter of general knowledge throughout the United States. The intervener, with a claim matured in August, 1893, and presumably with knowledge of the insolvency of the Northern Pacific Railroad Company and of the appointment of receivers, failed to file its claim against that company in the suit in which receivers were appointed, until November, 1894. It must have known of the insolvency of the Northern Pacific Railroad Company as early as August, 1893, and at or before the time of the maturity of its claim. It must have known of the appointment of receivers of the Wisconsin Central Lines as early as September, 1893. Having a claim which was equitably a lien upon the accruing surplus income of the Wisconsin Central Lines, the intervener remained wholly passive until January, 1899,—a period of nearly six years from the maturity of its claim. In the meantime, under the order of the court, the receivers of the Wisconsin Central Lines, without hint or knowledge of this claim, paid to the receivers of the Northern Pacific road the value of these 16 car wheels delivered to them. Under such circumstances with respect to the 16 wheels, I do not think the intervener should successfully invoke a court of conscience for payment. Equity relieves the diligent, not the slothful. And where, as here, by reason of the laches of the one party, the situation of the other has been changed to his prejudice, and the latter has expended money which it would not have done had the other party, with even slight diligence, made known his claim, he ought not to recover, although originally, and but for that, his claim would have been equitable. It is a case of an equity imposed upon an equity, vitiating the original equity.

The claim of the intervening petitioner was presented against the Northern Pacific Railroad Company, and as to the 32 car wheels has been allowed as a general claim, and as to the 16 wheels as a preferred claim, because of payment therefor to the receivers of that road by the receivers of the Wisconsin Central Lines. Without suggesting an opinion upon the correctness of the conclusion of the master,—for that case is not at present before the court,—I am of opinion that the claim of the intervening petitioner with respect to the 32 car wheels ought not, at the present time, to be ordered paid by the receivers, nor until it be ascertained what percentage of the claim it will receive from the sequestration proceedings in the case

of the Northern Pacific Railroad Company, presently to be determined. That company is the principal debtor, the Wisconsin Central Companies standing, by analogy, in the light of surety. The estate of the latter should be credited with the amount to be received upon the claims so allowed.

I am further of opinion that interest upon the claim of the intervening petitioner should be allowed only from January 18, 1899, the date of the filing of the intervening petition in this case. I have not considered the relative rights of the Wisconsin Central Company and the Wisconsin Central Railroad Company, upon the suggestion of counsel that the matter, as between those two companies, could be amicably adjusted